# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Lee Hall Plaza, Inc.

v.

Metropolitan Property Investments, L.L.C.

December 17, 2012

Case No. CL11-4664

BY JUDGE EDWARD W. HANSON, JR.

This matter came before the court for trial on May 2-4, 2012, on plaintiff's Complaint seeking specific performance of a real estate sales contract executed between the parties on March 3, 2009. Transcripts of the testimony have been filed, along with briefs by both parties, and, as of December 4, 2012, both parties have submitted letters to the court waiving oral argument and requesting a ruling. For the reasons set forth below, after review of the pleadings, transcripts, and briefs, the court finds that Lee Hall Plaza, Inc. ("Lee Hall") is entitled to an award of specific performance.

As the parties are familiar with the facts of this case, they will not be recited in detail herein. The court finds that Lee Hall has proven all the requisite elements for an award of specific performance, and it further finds that Metropolitan Property Investments, L.L.C. ("Metropolitan") breached or repudiated the contract first by entering into a contract to sell the property to another party. The main defense of Metropolitan is that Lee Hall cancelled or rescinded the contract in November of 2010. Cancellation or rescission must be proven by clear and convincing evidence, and Metropolitan primarily relied upon the testimony of Mauro Zenarolla to establish this defense. After a review of the evidence presented, the court finds that Metropolitan has failed to prove by clear and convincing evidence that the contract was cancelled. Likewise, Metropolitan did not establish that Lee Hall abandoned the contract.

At trial, Metropolitan also asserted that the contract violated the rule against perpetuities and that it was indefinite. These defenses also fail.

Twenty-one years have not yet passed since execution of the contract, so it does not violate the rule against perpetuities. In addition, to the extent that the contract arguably does not set a closing date, the law implies a reasonable time for performance. Finally, the contract is not indefinite as regards the cost of removing underground storage tanks, because it specifies that "any cost . . . shall be Buyer's responsibility." Contract ¶ 13. Therefore, the court orders specific performance of the March 3, 2009, real estate sales contract between the parties.

The court notes that the contract at issue does not contain a "drop dead date" for closing, but sets the date for closing based upon Lee Hall either meeting or waiving all conditions precedent and the issuance of all permits. After hearing the evidence, the court is concerned about the sluggish pace of Lee Hall's work towards meeting the contractual requirements for closing. However, Jason Chinnis, on behalf of Lee Hall, repeatedly and emphatically stated at trial that plaintiff was ready to close "now" with the status of approvals and permits and that it would waive contract contingencies to close right that moment. T. 247, 317, 432. Accordingly, the court holds Lee Hall to its statements that it would waive contract contingencies in order to close immediately and orders Lee Hall to forthwith submit a final site plan to the City of Virginia Beach. Lee Hall is further ordered to expeditiously do whatever might be required to obtain approval of the site plan and proceed to closing. Based upon the testimony of Mr. Chinnis at trial regarding the status of agreements and arrangements involving adjacent properties ("ninety-nine percent there," T. 320-24; "in principle," T. 477), no claims of delay related to those properties will be accepted by the court. If final approval of the site plan and closing do not occur by March 1, 2013, counsel are directed to report to the court the status of progress towards closing.